UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
:
MAVIS ALICIA ANDREWS,                                                 :
:
Plaintiff,                                                            :
:                25-MC-290 (JMF)
-v-                                                                   :
:                DISMISSAL ORDER
THE NETHERLANDS INC.,                                                 :
:
Defendant.                                                            :
:
----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff Mavis Alicia Andrews, proceeding *pro se*, initiated this matter as a miscellaneous action, for which she paid a reduced filing fee.[1] "The District Clerks' Manual, published by the Administrative Office of the United States Courts, sets forth the nationwide guidelines for prescribed uses of the miscellaneous docket." *In re Varholy*, No. 23-MC-4 (MEG), 2023 WL 4236044, at *1 (D. Conn. June 28, 2023). Assignment of a miscellaneous case number is proper where a plaintiff seeks:

> foreign subpoenas, registration of judgment from another district, motion to quash deposition subpoena, motion for protective order, administrative deposition subpoena, application to perpetuate testimony, receiverships, letters rogatory from other districts, warrant for arrest of juror, pen registers, wire interceptions, video interceptions, grand jury matters, internal revenue service third party record keeper actions, and proceedings against sureties.

*Id.* at *2 (citing District Clerks' Manual § 4.03(a)(1)(ii)-(xvi)). A miscellaneous case number may also be assigned to an ancillary proceeding directly or indirectly related to an ongoing federal civil or criminal case. *See* District Clerks' Manual § 4.03(a)(1).

---

[1] The filing fee for a miscellaneous case is $52.00 while the filing fees for a civil action total $405.00.

In this action, Plaintiff has filed a three-page initiating document titled "Declaration of Custodian of Record, along with various exhibit attachments, several of which span hundreds of pages. *See* ECF No. 1. Upon review of these filings, the Court is unable to discern what, if any, relief Plaintiff is seeking from this Court. In any event, it is evident that this case is not one of the limited matters for which use of the miscellaneous docket is proper. Nor has Plaintiff shown that this case is an ancillary proceeding related to an ongoing federal civil or criminal case. Therefore, this case cannot proceed under the miscellaneous docket.

Accordingly, this matter is dismissed without prejudice.[2] Dismissal without prejudice does not prevent Plaintiff from commencing a new civil action. The Court notes, however, that Rule 11 of the Federal Rules of Civil Procedure requires all parties, including *pro se* litigants, to make a reasonable inquiry that the legal contentions are warranted and to certify that the pleading is not presented for harassment or an improper purpose.[3]

In sum, this action must be and is DISMISSED without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate ECF No. 1, to close this case, and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: July 15, 2025
      New York, New York

                                           JESSE M. FURMAN
                                      United States District Judge

---

[2]     Plaintiff is not entitled to a refund of the filing fee.

[3]     At present, Plaintiff's initiating document and accompanying exhibits do not appear to raise any plausible claim for legal relief.