# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

**Mavis-Alicia Andrews,**
 Movant,

v.

The Netherlands Inc., et al.,
 Respondents.

Misc. No. 25-MC-00290 (JMF)

2026 MAR 27 AM II: 35
SDNY PRO SE OFFICE
RECEIVED

## MOTION FOR CLARIFICATION, LIMITED RELIEF, AND PRESERVATION OF DOCKETED RECORD - Submitted pursuant to the Court's Inherent Authority

Movant, **Mavis-Alicia: Andrews**, appearing **pro se, sui juris, and sui heredis**, respectfully moves for limited procedural relief following the dismissal without prejudice of this miscellaneous matter, and states as follows:

## 1. Purpose of this Motion

This motion does **not** seek adjudication of the underlying merits of the international harms described in the initiating papers.
 This motion seeks only **limited procedural clarification and preservation of the already docketed record**.

## 2. Background

Movant initiated this matter by filing a document styled as a **Declaration of Custodian of Record** together with supporting exhibits concerning severe harms arising from actions of Dutch state agencies and related actors.

The matter was dismissed **without prejudice** on procedural grounds, including that the miscellaneous docket was not the appropriate vehicle and that the relief sought was not sufficiently clear.

## 3. Relief Now Sought

To cure that lack of clarity, Movant expressly states that she now seeks only the following limited relief:

1.  **Clarification** that the dismissal of this miscellaneous matter was **procedural only**, and not an adjudication on the merits of the underlying claims or exhibits;
2.  **Preservation of the docketed record**, including the initiating papers and exhibits already filed, so that they remain part of the Court's official record;
3.  **Clarification that the dismissal without prejudice does not bar Movant** from presenting the same factual record in a future proceeding brought, if necessary, in a procedurally proper form.

## 4. Narrow Nature of Requested Relief

Movant is **not** presently asking this Court to:

- enter judgment against a foreign sovereign,
- adjudicate family-custody issues,
- open a criminal prosecution,
- or determine the merits of Dutch or international-law violations.

Movant seeks only a clear procedural order that the existing filings remain part of the Court record and that the dismissal be understood as non-merits in character.

## 5. Grounds

This limited relief is sought in the interest of clarity, fairness, and preservation of the judicial record, and to avoid any future misunderstanding that the Court's dismissal resolved the substance of the underlying matters.

Movant further seeks this relief because the materials already docketed concern ongoing, serious, cross-border harms and may be relevant in future proceedings in other fora.

## 6. Requested Order

Movant respectfully asks the Court to enter an order stating that:

- the dismissal was without prejudice and procedural only;
- the papers and exhibits already filed shall remain part of the docketed record;
- nothing in the dismissal shall be construed as a merits adjudication of the underlying allegations.

### AFFIDAVIT OF UNSWORN DECLARATION

I reserve all Rights, Titles, Interests, Remedies — express or implied — Without Prejudice of Rights, and with full Reservation thereof **nunc pro tunc ab initio.**

I affirmly-certify, under penalty of perjury, the contents herein, are true and correct.

*With full authority and Lawful/legal equivalence of notarization.*; In alignment with.;

{28 U.S. Code § 1746 - Unsworn declarations under oath;}

Executed this _____ day of March, 2026.
**FURTHER AFFIANT SAYETH NAUGHT.**

Respectfully,

*Mavis-Alicia; Andrews.*

**Mavis-Alicia: Andrews**
Pro Se, Sui Juris, Sui Heredis

**Mavis-Alicia Andrews,**
 Movant,

Misc. No. 25-MC-00290 (JMF)

v.

**The Netherlands Inc., et al.,**
 Respondents.

### DECLARATION OF MAVIS-ALICIA: ANDREWS
### IN SUPPORT OF MOTION FOR CLARIFICATION, LIMITED RELIEF,
### AND PRESERVATION OF DOCKETED RECORD

I, Mavis-Alicia: Andrews, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am the Movant in this matter.
2. I filed the initiating papers in this case in order to place documentary evidence into a United States court record.
3. I understand from the dismissal that the miscellaneous docket was not the correct procedural vehicle and that my requested relief was not stated with sufficient precision.
4. I do not now seek a merits determination through this motion.
5. I seek only to ensure that the dismissal is understood as procedural and that the previously filed documents remain part of the Court's docketed record.
6. This request is important because the filed materials concern ongoing cross-border harms and may be relevant in future proceedings.

### AFFIDAVIT OF UNSWORN DECLARATION

I reserve all Rights, Titles, Interests, Remedies — express or implied — **Without Prejudice of Rights**, and with full Reservation thereof **nunc pro tunc ab initio.**
I affirmly-certify, under penalty of perjury, the contents herein, are true and correct.
**\*With full authority and Lawful/legal equivalence of notarization.\*:**
In alignment with,;
{28 U.S. Code § 1746 - Unsworn declarations under oath;}

Executed this _____ day of March, 2026.
**FURTHER AFFIANT SAYETH NAUGHT.**

_mavis-alicia:andrews._

**Mavis-Alicia: Andrews**
491 Gerard Ave, Apt. 10D
Bronx, New York 10451

Email: andrews.mavisalicia@gmail.com
Telephone: +1 929 417 5554

As the Court has already explained, dismissal without prejudice does not prevent Plaintiff from commencing a new civil action. *See* ECF No. 4. The Court has issued no merits determination in this case, and all filings to date will remain on the public docket. As the Court has cautioned, however, Plaintiff may not continue to use this docket as a repository of documents for any relief she is seeking or may seek in the future. *See* ECF No. 19. Any additional filings in this case may be disregarded - or may result in the imposition of a filing injunction and/or other sanctions.

The Clerk of Court is directed to terminate ECF No. 20 and to mail a copy of ECF No. 19 as well as this endorsement to Plaintiff.

SO ORDERED.

March 30, 2026